### HENRY FURR v. J. F. M. MORGAN.

VENDOR'S LIEN. *How enforced where purchase-money due in installments.*
  Where the purchase-money of land is made payable in several installments, evidenced by promissory notes due at different times, the vendor, being the holder of the notes, may enforce his lien against the land when one or more of such notes have become due, for the payment thereof, without waiting till all of the notes have matured.

APPEAL from the Chancery Court of Lincoln County.

Hon. THOMAS Y. BERRY, Chancellor.

The appellant sold a tract of land to the appellee for the sum of $500, to be paid in five annual installments, for which the vendee gave his several promissory notes. Two of the notes having become due and being unpaid, except $50 thereof, the appellant filed a bill to enforce his vendor's lien against the land, to satisfy the overdue and unpaid notes. The appellee demurred to the bill on the ground that the whole debt was not due, and that the vendor's lien is an entirety. The demurrer was sustained.

*A. C. McNair*, for the appellant.

A vendor's lien is an equity — a trust raised by law from the contract of the parties. It is a security and a remedy. 1 Perry on Tr., sec. 234. And the appellant may avail of it to enforce the collection of the purchase-money due. *Codwisee* v. *Taylor*, 4 Sneed, 346 ; *Lynch* v. *Elkes*, 21 Texas, 229 ; *Magruder* v. *Eggleston*, 41 Miss. 284.

*R. H. Thompson*, for the appellee.

A vendor's lien is an entirety. It is a mere equity, implied from the presumed intention of the parties. *Lewis* v. *Beatty*, 32 Miss. 52 ; *Gilman* v. *Brown*, 4 Wheat. 272. It is no more to be presumed that the parties intended that the land should be liable when the first note became due, than that they did not intend the land to be liable for the payment of any part of the debt till the whole became due.

CAMPBELL, J., delivered the opinion of the court.

The vendor's lien is a security for each of the notes given for the purchase-money, which is made payable by installments at different times, and the holder of such notes may pursue his remedy, regardless of the fact that all of the notes are not due.

The demurrer to the amended bill was improperly sustained, and the decree will be reversed, the demurrer overruled, and the cause remanded for an answer within thirty days after the mandate herein shall have been filed in the court below.